---

## Case No. 1,618.

### In re BOND.

[3 N. B. R. 7 (Quarto, 2).] [1]

District Court, S. D. New York. May 31, 1869.

BANKRUPTCY—HEARING BEFORE REGISTER—POWER TO PASS ON EVIDENCE.

In the examination of a witness the register has no power to decide on the materiality or relevancy of questions. In re Levy [Case No. 8,298].

[Cited in Re Graves, 24 Fed. 552.]

[In bankruptcy. In Re Addison F. Bond the certificate of the register is as follows:]

I, the undersigned, one of the registers of this court, do hereby certify that while taking testimony in the above entitled case, a question was asked by the assignee which was objected to by counsel for the bankrupt as immaterial, and not pertinent to any issue that could arise in the proceedings. When about to pass upon the admissibility of the question, the assignee objected that it was not competent for the register to pass upon the materiality of questions, insisting that the same rule that prevails in taking testimony before an examiner in chancery, should prevail in bankruptcy, and desired that the point so raised by him should be certified to the court. Under the requirements of rule 19 of this court, the register respectfully submits that the view entertained by him, that it was his duty to pass upon the relevancy of testimony offered and objected to, rests upon the idea that the register, in every instance, when he is required to act at all, acts (within the purview of his powers) as the court, and not as an officer of the court. This is never so in the case of an examiner in chancery. He acts strictly as an officer of the court. But when the

register is specifically charged with a duty, such duty, when performed (as by law required), is always the act of the court. The cases, therefore, did not seem to be parallel. Again, to devolve upon the judge the duty of reading immaterial testimony would be to increase the too arduous duties already devolved upon him. And it has seemed to me to be less laborious to occasionally send a case back to a register, with directions to allow questions ruled out by him, than to undertake the perusal of testimony as voluminous as it often might be. Again, this court was understood, in a case which I believe is reported, the title of which I cannot now recall, to favor the opinion above expressed.

Experience has, however, shown that there is another side to the question. The labor that would be required of the register to pass carefully and conscientiously upon every objection that is raised by counsel during the taking of testimony, would often be beyond the capacity of any one man. It is often the case that several parties are taking testimony at the same time. He must keep the run of each case, or he cannot possibly pass intelligently upon the objections as they arise.

It is respectfully submitted to this honorable court that the course pursued by the court in equity cases, has been found practically convenient, and that the same practice should prevail in bankruptcy. Case of Gattleson [In re Gettleson, Case No. 5,373].

Respectfully submitted, I. T. Williams, Register.

BLATCHFORD, District Judge. I have heretofore, in the case of In re Levy [Case No. 8,298], decided the question here raised. The view I took has been concurred in by Judge Field in New Jersey, and by Judge Hall, in the northern district of New York. In re Koch [Id. 7,916]. General Orders No. 10 is very explicit as to what the register is to do. The clerk will certify this decision to Isaiah T. Williams, Esq. [2]

---

[1] [Reprinted by permission.]

[2] In re Reakert [Case No. 11,614]; In re Levy [Id. 8,296]; In re Rosenfeld [Id. 12,059]; In re Lyon [Id. 8,643].

